

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| Plaintiff, | ) ) ) | No. 01 cr 366-1 |
| v. | ) ) ) | Judge Ronald A. Guzman |
| George Wilson | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

George Wilson was charged with conspiracy to commit credit card fraud in violation of Title 18 USC §1029(b)(2), possessing access device making equipment in violation of Title 18 USC §1029(a)(2), and trafficking in unauthorized access devices in violation of Title 18 USC § 1029(a)(4). On October 23, 2003, Wilson was convicted by a jury on all counts. On May 10, 2004 this court sentenced Wilson to a term of imprisonment of 21 months. Subsequently the Seventh Circuit remanded under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2008) for a determination as to whether this Court would have entered a different sentence had it known that the sentencing guidelines are not mandatory. Pursuant to the court's scheduling order the parties have submitted memoranda on the issues before the court. The court will not require oral arguments.

The court sees no basis for reconsidering its sentence in this case. The defendant was convicted of a long, complex and sophisticated conspiracy to defraud dozens of victims. The evidence showed that he provided equipment (laptop computer, software, skimming devices and handguns) and instruction (how to re-encode credit cards) to fellow conspirators. He maintained a secret compartment in his home to hide the instruments and

stolen credit cards. He planned and executed a trip to Vietnam where he used the stolen credit card numbers to purchase merchandise. This conspiracy was time consuming and involved. This was no single aberrational act. The defendant clearly intended to and did defraud a large number of people. He had 163 credit card numbers and the software to produce false credit cards with each one of these numbers. Had he not been caught he would likely still be perpetrating this scheme. His actions reflect a lack of honesty and character. Further, his change of heart and refusal, after a brief attempt at cooperation, to cooperate further with law enforcement after his arrest, is reflective of a lack of remorse. His twenty one month sentence was well earned and anything less would deprecate the seriousness of his offense.

The court finds that it would have sentenced this defendant to the same twenty one month period of incarceration, three years of supervised release and restitution in the amount of $22,693.24 even if the guideline sentencing range of 15 to 21 months in prison had not been mandatory.

Dated: March 4, 2008

**SO ORDERED**  **ENTER:**

_____
**RONALD A. GUZMÁN**
**District Judge**